IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CIENA CAPITAL, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 13-00043-KD-N** |
| ) | |
| **F/V FRIENDSHIP,** ) | *In Rem* |
| ) | |
| **Defendant.** ) | |

**ORDER**

This action is before the Court on the Motion for Interlocutory Sale of Vessel (Doc. 18) filed by Plaintiff Ciena Capital, LLC, f/k/a Business Loan Center, Inc. and Business Loan Center LLC ("Ciena"). Pursuant to Rule E(9)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, Ciena moves that the Court issue an Order scheduling a sale of the defendant vessel F/V Friendship ("the Vessel") by the U.S. Marshal.

Ciena initiated this *in rem* action to enforce a preferred ship mortgage pursuant to 46 U.S.C. § 31325(b)(1). The Vessel was seized by the Marshal on February 7, 2013, pursuant to Rule C, and is currently being held by a court-authorized substitute custodian. (Docs. 16-17). Normally, "in in rem admiralty matters, notice satisfying due process means seizure." Thorsteinsson v. M/V Drangur, 891 F.2d 1547, 1553 (11th Cir. 1990) (citing United States v. Steel Tank Barge H 1651, 272 F. Supp. 658, 660, 662 (E.D. La. 1967). See also Merchants Nat. Bank of Mobile v. Dredge Gen. G. L. Gillespie, 663 F.2d 1338, 1346 (5th Cir. Unit A Dec. 1981) ("Arrest in admiralty in rem regards the vessel as the interest concerned, and the seizure in rem of a vessel accomplished under Rule C brings notice of the action to all persons having an

interest in the vessel."). In addition, publication of this action and the Vessel's arrest has been duly accomplished as required by Supplemental Rule C(4) and SD ALA LAR 3. (Doc. 18-2).

However, the record is unclear that actual notice has been given to the owner/mortgagor of the Vessel, L & N Friendship Corp. ("L & N"). A review of the Marshal's Return of Process does not conclusively establish actual notice to L & N. Ciena represents that it served L & N with notice of this action via certified mail. (Docs. 18-1 at 2, 18-4, 18-5). However, the notice was addressed only to L & N, without being directed to a specific individual. (Docs. 18-4, 18-5). The certified mail return receipt for the notice was signed as being received by Suzanne Ly on February 23, 2013. (Doc. 18-5). Ly did not indicate that she was an agent of L & N, and Ciena's motion makes no representation as to who Ly is or her relationship to L & N.

As to Ciena's entitlement to an interlocutory sale, Rule E(9)(a)(i) states:

**(i)** On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold--with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court--if:

**(A)** the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

**(B)** the expense of keeping the property is excessive or disproportionate; or

**(C)** there is an unreasonable delay in securing release of the property.

"To obtain an order for an interlocutory sale, a plaintiff need only show the existence of one of these three criteria. See 20th Century Fox Film Corp. v. M.V. Ship Agencies, 992 F. Supp. 1434, 1437 (M.D. Fla. 1997), citing Silver Star Enterprises, Inc. v. M/V Saramacca, 19 F.3d 1008, 1014 (5th Cir. 1994)." Regions Bank v. Motor Yacht ROYAL INDULGENCE, No. 3:10CV100/LAC/EMT, 2010 WL 4595792, at *3 (N.D. Fla. Oct. 13, 2010), report and

recommendation adopted, No. 3:10CV100/LAC/EMT, 2010 WL 4595729 (N.D. Fla. Nov. 4, 2010).  Ciena has made no effort to specifically argue any of these criteria; however, the Court will construe Ciena's motion as arguing "unreasonable delay in securing release of" the Vessel.

Ciena's motion notes that no verified statement of right or interest has been filed pursuant to Supplemental Rule C(6), either in response to its publication of this action (setting the date for filing such claims as "March 20, 2013, . . . or within such further time as may be allowed by the court" (Doc. 18-2)) or in response to its notice to L & N via certified mail (setting the date for filing a claim as "20 days after receipt" (Doc 18-4) – March 15, 2013, if the notice was actually served on L & N, see supra).  "Compliance with Supplemental Rule C(6) is obligatory in order for a party to have standing to challenge an *in rem* claim."  Dresdner Bank AG v. M/V OLYMPIA VOYAGER, 463 F.3d 1233, 1237 (11th Cir. 2006).  However, "because Supplemental Rule E(9) provides for interlocutory sales, it 'does not require, or even mention, the resolution of the merits of any particular claim; instead, the Rule focuses entirely on avoiding the recognized complications associated with maintaining a vessel under arrest.' Freret Marine Supply v. M/V Enchanted Capri, 2001 WL 649764, *1 (E.D. La. 2001); see also Merchants Nat'l Bank of Mobile v. Dredge General G.L. Gillespie, 663 F.2d 1338 (5th Cir. 1981) (affirming order of interlocutory sale in action to foreclose preferred ship mortgage)."  Regions Bank, 2010 WL 4595792, at *3.  Therefore, the fact that claimants to the Vessel may be in default is not relevant to determining whether Ciena is entitled to an interlocutory sale.  Moreover, though the notice Ciena mailed to L & N stated an intent to proceed with the sale of the Vessel if no response was made (Doc. 18-4), Ciena's instant motion does not contain a Certificate of Service or any other indication that a copy of the motion has been provided to L & N.

Currently, the Vessel has been held in this action for approximately 2.5 months. With regard to Supplemental Rule E(9)(a), a general consensus among courts appears to be that defendants in actions such as this should be given at least 4 months to secure a vessel's release. See Regions Bank, 2010 WL 4595792, at *3 (citing cases); Rowan Companies, Inc. v. M/V FR8 PRIDE, Civ. A. No. C-12-163, 2012 WL 5465964, at *2 (S.D. Tex. Oct. 30, 2012) ("The general practice among courts is to allow vessel owners approximately four months to bond a vessel." (citing John W. Stone Oil Distributor, L.L.C. v. M/V LUCY, No. 09–4440, 2009 WL 4166605, at *1 (E.D. La. Nov. 20, 2009) (unpublished) (collecting cases))) (Magistrate Judge's memorandum & recommendation); Vineyard Bank v. M/Y Elizabeth I, U.S.C.G. Official No. 1130283, No. 08CV2044 BTM WMC, 2009 WL 799304, at *2 (S.D. Cal. Mar. 23, 2009) ("A motion for interlocutory sale generally should not be granted unless the court has permitted defendants sufficient time to provide a bond to secure the vessel's release. Bank of Rio Vista v. Vessel Captain Pete, 2004 WL 2330704, at *2 (N.D. Cal. Oct.14, 2004). As a general rule, defendants are given at least four months to bond a vessel absent some other considerations." (Id.) (quoting United States v. F/V Fortune, 1987 WL 27274, at *1 (D. Alaska April 14, 1987). Here, Defendant has not made *any* attempts to secure release of the Vessel since its arrest on November 11, 2008. More than four months have passed since the Defendant Vessel's arrest. Defendant has not answered Plaintiff's Complaint or responded to the instant Motion. Thus, the Court has no evidence to suggest that Defendant has made any attempts at all to secure the release of the Defendant Vessel.").

Therefore, in accordance with the foregoing analysis, the Court hereby **ORDERS** the following:

- Ciena shall file a supplement to its Motion for Interlocutory Sale of Vessel (Doc. 18) that:

    o clarifies that Suzanne Ly is an agent of L & N or otherwise indicates that L & N has been provided actual notice of this action, and

    o indicates that the motion has been served on L & N.

- If the above-mentioned supplement has been filed beforehand, the Court will consider the Motion for Interlocutory Sale of Vessel (Doc. 18) on or about **June 3, 2013**.

**DONE** and **ORDERED** this the **22nd** day of **April 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**